IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| SARITA SHEED | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. |
| v. | : | |
| | : | **ERISA- NO JURY TRIAL REQUESTED** |
| THE LINCOLN NATIONAL LIFE | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, SARITA SHEED, by and through her attorney, ZACHARY LIPSCHUTZ, as and for her Complaint against Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY hereby sets forth the following:

**PARTIES**

1. Plaintiff, SARITA SHEED, is a resident of Pennsylvania.

2. Defendant, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, is located at 2005 Market Street #4, Philadelphia, PA 19103.

**JURISDICTION**

3. Jurisdiction of the Court is based upon 29 U.S.C. § 1132(e)(1) and 1132(f), which gives the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. § 1331 because this action arises under 29 U.S.C. § 1001 et. Seq.

1

(Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Eastern District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the jurisdictional district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the Eastern District of Pennsylvania.

## FACTS

6. Plaintiff is a forty-seven-year-old (47) individual.

7. At all times hereinafter mentioned, Plaintiff was an employee of Takeda Pharmaceuticals U.S.A., Inc. and at all times was a participant and/or beneficiary under a long-term disability ("LTD") income policy, hereinafter ("Policy").

8. At all times mentioned herein, Plaintiff was and is an employee eligible for LTD benefits as an insured under the Policy.

9. Plaintiff's last day of work was on or around February 7, 2023.

10. Plaintiff suffers from a variety of health conditions including but not limited to benign neoplasm of cerebral meninges, vestibular migraines, vertigo and seizures.

11. Plaintiff suffers from symptoms including balance issues, dizziness, headaches, and vision changes.

12. After the Elimination Period was met, Defendant approved Plaintiff's LTD benefits from August 8, 2023, through November 27, 2024.

13. Defendant eventually alleged that Plaintiff could perform her Own Occupation and LTD benefits were terminated after November 27, 2024. This decision was upheld on appeal, giving rise to this suit.

14. Plaintiff's medical information confirmed that she could not perform her Own

Occupation or Any Occupation as defined in the Policy, and Defendant's clinical review even admitted that the Claimant has episodic vertigo.

15. Despite Plaintiff's continued disability, Defendant has denied all long-term disability benefits to Plaintiff and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

16. Said refusal on the part of Defendant is a willful and wrongful breach of the Policy's terms and conditions.

17. Defendant afforded little weight to the opinions of Plaintiff's treating physicians.

18. Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and as such constitutes a breach of fiduciary duty.

19. Defendant's unreasonable and unsupported denial of Plaintiff's LTD benefits is evidence, inter alia, by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical limitations on her ability to perform the duties of any occupation; the refusal to consider Plaintiff's credible subjective complaints about her inability to work; the failure to consider the side effects of Plaintiff's medication; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling practices.

## COUNT I- FIRST CAUSE OF ACTION

**[FOR DECLARATORY RELIEF PURSUANT TO 29 U.S.C § 1132(a)(1)(b)]**

20. Paragraphs 1 through 19 are incorporated herein by reference as if fully set forth at length.

21. An actual controversy exists between Plaintiff and Defendant arising out of the events herein above. Plaintiff contends that Defendant has no legal basis for denying LTD benefits, which have been wrongfully withheld.

22. Plaintiff contends that the denial of LTD benefits is a breach of the Group Long Term Disability Plan; the practices of the Defendant should be estopped on the basis of equity; that the practices of Defendant are arbitrary and capricious; that the practices of Defendant fail to satisfy the minimum requirements of ERISA; and the practices of Defendant are barred as a matter of law.

23. Plaintiff contends that Defendant denied her a "full and fair review" of all of her records submitted by failing to consider information directly related to her LTD claim, minimized and/or failed to review or consider the findings of her treatment providers, while simultaneously attaching greater weight to the findings of the Defendant's medical consultants.

24. Plaintiff contends that the decision to deny LTD benefits and deny her appeal for benefits was wrongful, unreasonable, irrational, arbitrary and capricious, solely contrary to the evidence and contrary to the terms of the policy and the law and an abuse of discretion.

## COUNT II- SECOND CAUSE OF ACTION

**[FOR RECOVERY OF PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)]**

25. Paragraphs 1 through 24 are incorporated herein by reference as if fully set forth at length.

26. Defendant wrongfully denied LTD benefits based on an unfair, incomplete, arbitrary and capricious review of Plaintiff's medical records and information, and the insufficient and inaccurate reports of their own reviewers.

27. Plaintiff contends that in denying LTD benefits, Defendant disregarded substantial evidence including medical records and other medical reports.

28. Under the terms of the Group LTD Plan, Defendant unreasonably breached its promise to provide Plaintiff with certain LTD benefits. To date, Defendant has failed to honor this promise and continues to refuse to pay Plaintiff all benefits to which she is rightfully entitled.

29. Plaintiff has satisfied and continues to satisfy all conditions precedent under the Group LTD Plans and is thus eligible to receive LTD benefits.

30. Plaintiff has not waived or otherwise relinquished her entitlement to benefits under the Group LTD Plan.

31. Plaintiff seeks reimbursement and compensation for any and all benefits she should have received.

32. Defendant breached its obligations under ERISA to provide Plaintiff benefits even though her benefits are covered under the terms of the Group LTD Plan.

33. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to pay benefits to Plaintiff, she has been damaged in an amount equal to the amount of benefits to which she is entitled under the terms of the Group LTD Plan.

   **WHEREFORE**, Plaintiff prays for judgment as follows:

a. On Count I:

1. A declaration that Plaintiff is disabled and entitled to the payment of benefits under the Group LTD Plan;

2. A declaration that Defendant is hereinafter estopped from wrongfully denying Plaintiff benefits under the Group LTD Plan without a legal basis to do so;

3. A declaration that Defendant is hereinafter estopped from denying Plaintiff benefits as a denial of such benefits is a breach of the Group LTD Plan.

4. A declaration that Defendant is hereinafter estopped on the basis of equity from continuing to deny disability benefits wrongfully withheld from Plaintiff;

5. A declaration that Defendant is hereinafter estopped from wrongfully denying benefits to Plaintiff contrary to clear, compelling and substantial medical and functional evidence.

6. Plaintiff requests the payment of reasonable attorney fees, costs, and interest.

7. Plaintiff requests such other and further relief as the Court deems appropriate.

b. On Count II:

1. Plaintiff seeks a declaration of Plaintiff's right to benefits (past, present and future) under the terms of the Group LTD Plan;

2. Payment of all past benefits due Plaintiff under the terms of the Plan, with an award of pre-judgment interest;

3. Plaintiff requests the payment of reasonable attorney fees, costs and interest.

4. Plaintiff requests such other and further relief as the Court deems appropriate.

Dated: February 2, 2026

By: *Zachary Lipschutz*
Zachary Lipschutz, Esq.
MARTIN LAW LLC
1818 Market Street, 35th Floor
Philadelphia, PA 19103
(215) 587-8400
zlipschutz@paworkinjury.com
Attorney for Plaintiff